```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JAMES WONG,

                    Plaintiff,

         -against-                          04 Civ. 10061 (DAB)
                                            ADOPTION OF
                                            REPORT & RECOMMENDATION
HEALTHFIRST, INC.,

                    Defendant.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

This matter is before the Court upon the July 19, 2005 Report and Recommendation ("Report") of United States Magistrate Judge Andrew J. Peck. The Report recommends that Plaintiff's employment discrimination suit be dismissed as time-barred. Judge Peck found that Plaintiff's evidence did not overcome the presumption that he received the Notice of Right to Sue on August 9, 2004.[1] Judge Peck also found no reason to equitably toll the 90-day period.[2]

---

[1] The Notice of Right to Sue was dated August 5, 2004. The law presumes that Plaintiff received it on August 9, 2004. See Comrie v. Bronx Lebanon Hosp., 1998 WL 29643 at *2 (2d Cir. 1998) (finding that a letter mailed by the Government is presumed to have been received three days after the date on the letter). The 90-day period within which Plaintiff could have brought suit in Federal Court is presumed to have ended 90 days after August 9, 2004. Plaintiff did not file suit until December 20, 2004, which was 90 days after he received a separate communication from the EEOC.

[2] All other facts in this matter largely are set forth in the Report and unless relevant will not be reiterated here.

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. Rule 72(b) (stating that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

## I. DISCUSSION

In his Objections, Plaintiff largely has set forth new evidence that was not before Judge Peck. The district judge "may receive further evidence" following a magistrate judge's recommendations. 28 U.S.C. § 636(b)(1). However, accepting new evidence is disfavored absent a "most compelling reason". Housing Works, Inc. v. Turner, 2005 WL 713609, at *2 (S.D.N.Y.

2

2005). Doing so "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." See Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). See also Wesley v. Alexander, 2005 WL 1352593, at *6 (S.D.N.Y. 2005) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge.").

Plaintiff's only discernible objection based on the previous record is that he "honestly believed that the [September 21, 2004 letter] was the final finding review and right to sue notice." (Pl.'s Obj. at ¶ 6.) However, this objection is a conclusory assertion. Also, the objection contradicts what the September 21 letter advised him. See Letter from EEOC to Wong, dated Sept. 21, 2004, attached to Complaint ("[W]e do not review our own determinations; these are carefully reviewed before issuance and the agency has no legal obligation to re-open cases. If you disagree with our determination, you have the right to file suit in Federal court within 90 days of your receipt of it."). The letter is clear that Plaintiff already should have received the communication which initiated the 90-day period; to wit, it was the very communication for which Plaintiff had sought a

Substantial Weight Review.

Plaintiff's assertion that he "honestly believed" that September 21 was the first day of the 90-day period amounts to a request for clemency for not understanding the communications that the EEOC sent him, and clemency for not knowing the law. Mere ignorance of the law does not warrant equitable tolling of a statute of limitations. Smith v. State University of New York at Buffalo, 1992 WL 489779, at * 6 (S.D.N.Y. 1992) (ignorance of the law did not toll the 90-day period following receipt of the right to sue letter). See also, e.g., Nash v. McGinnis, 2005 WL 1719871, at *3 (S.D.N.Y. 2005) (citing Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (holding that ignorance of law and legal procedure is not so exceptional as to merit equitable tolling); Velasquez v. United States, 4 F. Supp. 2d 331, 334 (S.D.N.Y. 1998). If Plaintiff mistook the September 21, 2004 letter for the Notice of Right to Sue, his mistake constituted ignorance of the law, and does not warrant tolling of the 90-day statutory period.

As for the new documents Plaintiff submitted with his Objections, they also are unavailing. With his Objections, Plaintiff has submitted the following: the EEOC's May 27, 2004 acknowledgment of receipt of his charge; Plaintiff's June 14, 2004 notice to the EEOC of his correct address; a letter dated

4

August 3, 2004 from the EEOC advising Plaintiff that they were dismissing his charge, and that he "may file a lawsuit in Federal District Court using the Notice of Right to Sue, within 90 days of [his] receipt of it"; and Plaintiff's August 11, 2004 request for a Substantial Weight Review. (See Pl.'s Objections Exs. 1 - 4.) He does not contest Defendant's assertion that he received these letters in a timely fashion. The only document which he claims not to have received is the Notice of Right to Sue dated August 5, 2004.

But none of these newly submitted documents overcome the presumption that Plaintiff received the August 5 Notice three days after it was mailed. Plaintiff argues that he never received the Notice of Right to Sue because it was mailed to an address that specified no floor. (See Pl.'s Notice of Correct Address, sent to EEOC, dated June 14, 2004, which included "3rd Floor" as part of the address.) But Plaintiff's receipt of the August 3 letter (which was mailed to an address with no floor listed) and of the September 21 letter (which was mailed to an address on the 31st floor) belies his assertion that he never received the Notice of Right to Sue. The Notice was, like the August 3 letter, sent to an address that did not specify a floor. That Plaintiff received one but not the other is highly unlikely.

Moreover, Plaintiff's August 11 request for a Substantial Weight Review appears to have been in response to the August 5 Notice, since the request followed the mail date on the Notice by less than a week. If anything, the new evidence Plaintiff has furnished along with his Objections actually bolsters the presumption that he received the Notice of Right to Sue in a timely fashion.

## II. CONCLUSION

Therefore, it is ORDERED AND ADJUDGED that the Report and Recommendation of United States Magistrate Judge Andrew J. Peck, dated July 19, 2005, is APPROVED, ADOPTED and RATIFIED by the Court in its entirety. Accordingly, Plaintiff's Complaint hereby is DISMISSED as time-barred.

Because the Court has dismissed this suit, Plaintiff's Motion to Consolidate this action with 04 Civ. 8787 (THK) hereby is STRICKEN as moot.

SO ORDERED.

Dated: New York, New York
August 23, 2006

Deborah A. Batts
DEBORAH A. BATTS
United States District Judge

6